### BICKNELL, Respondent, v. SPIER, Appellant.

(City Court of New York, General Term. June 19, 1893.)

Appeal from trial term.
Action by Henry G. Bicknell against Gilbert M. Spier, Jr., as receiver of the Vertical Tube Boiler Company. A judgment was entered on the 14th day of January, 1892, in favor of plaintiff, for $1,661.76, on the decision of the trial justice, a jury trial having been waived.
Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

J. C. O'Connor, (S. B. Brownell, of counsel,) for appellant.
Bullard & Shannon, for respondent.

McGOWN, J. The plaintiff herein, the assignee of one Clinton E. Jackson, in his complaint, alleges that on or about April 4, 1890, an agreement in writing, under seal, was duly executed between the Vertical Tube Boiler Com-

pany, the defendant herein, of the first part, and one Clinton E. Jackson, of the second part, whereby, among other things, it was agreed that the said Jackson would loan and advance to the defendant the sum of $3,750, to be used as working capital in the business of the defendant, etc.; that, in pursuance of said agreement, the said Jackson, about April 4, 1890, loaned and advanced to said defendant the sum of $1,500 in cash, and also his negotiable promissory note for $2,250, which was accepted as a compliance with the requirement of said contract in that regard; also alleges assignment of said Jackson's claim, and demands judgment for the sum of $1,500, and interest. By an order made herein on the 7th day of July, 1891, Gilbert M. Spier, Jr., the receiver of the said Vertical Tube Boiler Company, was substituted in the place and stead of the said Vertical Tube Boiler Company. The defendant, Spier, Jr., as receiver, in his answer, denies that the agreement between said Clinton E. Jackson and the Vertical Tube Boiler Company is in the complaint correctly stated, and avers and sets up an agreement made on the 4th day of April, 1890, between the said boiler company and Edward P. Steers, Richard Webber, Thomas Crawford, and the said Clinton E. Jackson, whereby the said Steers, Webber, Crawford, and Jackson agreed that they would pay into the treasury of said boiler company, for the purpose of working the said company, the sum of $15,000, which said sum was to be equally divided between them,—that is to say, each and every one of them would pay to the said company the sum of $3,750, to be used as working capital for said company; that said Jackson has failed to comply with his agreement. Inasmuch as no claim is made herein by the plaintiff for services rendered by the said Jackson as manager of the Vertical Tube Boiler Company, he only claiming to recover for money loaned by the said Jackson, it is unnecessary to consider, for the purpose of this appeal, any such claim, or the evidence therein, introduced upon the trial, except so far only as may apply to the counterclaim set up in defendant's answer. The plaintiff offered in evidence a paper which defendant's counsel admitted was executed by the defendant corporation, and the same was admitted. By the terms of the agreement made by and between the Vertical Tube Boiler Company, party of the first part, and Clinton E. Jackson, party of the second part: "First. The party of the first part agreed to raise and place in its treasury the sum of fifteen thousand ($15,000) dollars in cash, of which sum the party of the second part agrees to forthwith loan and advance to the party of the first part the sum of three thousand seven hundred and fifty ($3.750) dollars, which total sum of fifteen thousand ($15,000) dollars is to be used as working capital to carry out the purposes and terms of this agreement." An assignment of the claim of said Jackson to the plaintiff herein was also received and admitted in evidence. No evidence was offered by defendant of the agreement set forth in defendant's answer, and the trial justice, upon the evidence herein, found, among other facts, that said Jackson had loaned and advanced to said defendant corporation, with accrued interest thereon, the sum of $1,515; that said Jackson had received, over and above the amount due him for his services as manager for defendant, the sum of $150.39; that said sum of $1,515, with interest to October 7, 1890, amounted to the sum of $1,560.45; and that, after deducting the said sum of $150.39, being the amount received by said Jackson over and above the amount due him for his services as manager, there was a balance of $1,410.06 due said Jackson, which, with interest thereon to the date of trial, amounted to the sum of $1,505.15,—and found, as a conclusion of law, that plaintiff is entitled to recover of the defendant in this action, as such receiver, the sum of $1,505.15, with costs. Judgment was thereupon, and on the 14th day of January, 1892, entered for said amount of $1,505.15, with $156.61 costs, amounting in all to the sum of $1,661.76. We find no error on the part of the trial justice, and no merits in the exceptions taken by defendant's attorneys to the rulings of the trial justice on the admission of evidence, or to the findings of fact or conclusions of law, and the judgment appealed from must be affirmed, with costs to the respondent.